IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY BILLINGS,

    Petitioner,

v.                                        Civil Action No. 1:08cv47
                                         Criminal No. 1:04cr27-3
                                         (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

## HILL v. BRAXTON NOTICE

On January 22, 2008, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody. This case is before the undersigned for an initial review pursuant to LR PL P 83.15, et seq. Upon a preliminary review of the petition, it appears that the petitioners' motion is untimely.

### I.   One-Year Time Limitation

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the latest of the following:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

## II. Hill v. Braxton

When a federal habeas court perceives a § 2255 motion to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn Petitioner that the case is subject to dismissal pursuant to § 2255 absent a sufficient explanation. See United States v. Sosa, 364 F. 3d 507 (4th Cir. 2004); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

## III. Analysis

Here, the petitioner was sentenced on May 26, 2005, and filed a Notice of Appeal the next day. The Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence on May 25, 2006. The petitioner's petition for writ of certiorari with the United States Supreme Court. Certiorari was denied by the Supreme Court on December 11, 2006. Therefore, under AEDPA, the petitioner had until December 11, 2007, to timely file a § 2255 motion. However, the petitioner did not file his petition until January 22, 2008, after the statute of limitations had already expired.[1] Thus, the petitioner's § 2255 motion appears to be untimely.

## IV. Conclusion

Pursuant to Hill v. Braxton, the petitioner is warned that his § 2255 motion will be recommended for dismissal unless he can demonstrate that he is entitled to have the statute of limitations equitably tolled and/or that his motion is timely filed. Consequently, the petitioner has

---

[1] Even giving the petitioner the benefit of the "mailbox rule," his petition still appears to be untimely. The envelope in which the petition arrived in states that it was received by the institution for mailing on January 18, 2008.

**thirty (30) days** from this date to file any response he may have to this Order. The failure to so respond, or to sufficiently explain why this case should not be dismissed, will result in a recommendation that the petitioners' § 2255 motion be dismissed as untimely.

    IT IS SO ORDERED.

    The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Order to counsel of record via electronic means.

    DATED: January 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE